M. David Graubard, Esq.
Kera & Graubard
Attorneys for Sabatini Frozen Foods, LLC
240 Madison Avenue, 7th floor
New York, NY  10016
(212) 681-1600
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------x
In re

ACME CAKE CO., INC.,                    Case No. 10-49857

               Debtor.

------------------------------------x

APPELLANT'S DESIGNATION OF
RECORD ON APPEAL AND
STATEMENT OF ISSUES

Appellant Sabatini Frozen Foods LLC, hereby designates the following items for the record on appeal:

1. Order Scheduling Hearing on Shortened Notice of Motion Seeking an Order: (I) Authorizing and Approving the Sale of Certain of the Debtor's Assets to Phoenix Baking Co., Inc., "As Is" "Where As", Free and Clear of all Liens, Claim and Encumbrances, with such Liens, Claims and Encumbrances to Attach to Net Proceeds of Sale, and Subject to Higher or Better Offers; (II) Authorizing and Approving the Form and Manner of Notice; (III) Scheduling a Hearing to Approve and Authorize the Sale of Certain of the Debtor's Assets; (IV) Waiving the Stay Requirement of Rule 6004 of the Federal Rules of Bankruptcy Procedure; and (V) Granting Such Other and Further Relief; dated December 16, 2010 with the Chapter 7 Trustee's Motion for Entry of that Order.

2. Opposition of Sabatini Frozen Foods LLC to Proposed Sale of Certain of the Debtor's Assets to Phoenix Baking Co., Inc.; dated December 29, 2010.

3. Certification of John Sabatini in Opposition to Proposed Sale to Phoenix Baking, Inc.; dated December 29, 2010.

4. Transcript of hearing of January 5, 2011.

5. Order Authorizing and Approving the Sale of Certain of the Debtor's Assets to Phoenix Baking Co., Inc. "As Is" "Where As", Free and Clear of all Liens, Claims and Encumbrances, with any such Liens, Claims and Encumbrances to Attach to Net Proceeds of Sale dated January 11, 2011.

Statement of Issues to be Presented on Appeal

1. Did the Bankruptcy Court err in finding "good faith" when the purchaser was composed of insiders of the debtor who controlled the landlord so as to exclude any competing bids for the subject property on a "going concern" basis?

2. Did the Bankruptcy Court err in allowing the sale to proceed on shortened notice over the December, 2010 holiday period?

3. Did the Bankruptcy Court err in finding sufficient notice when none of the advertising or notices of sale mentioned anything about the availability of a lease?

4. Did the Bankruptcy Court err in finding "good faith" when the filing of the involuntary petition and the offer to the Trustee by Phoenix were part of an overall collusive effort to obtain the assets of the debtor in an unfair sale situation?

5. Did the Bankruptcy Court err in selling the assets free and clear of all claims interests and encumbrances so as to preclude successor liability on behalf of Phoenix?

2

      6.   Did the aura of the entire sale process preclude third parties from effectively bidding on the assets of the debtor?

      7.   Did the Bankruptcy Court err in determining that the sale to Phoenix was an "arms length" transaction?

      8.   Did the Bankruptcy Court err in finding that in the absence of a stay pending appeal, Phoenix was acting in good faith pursuant to Section 363(m) of the Bankruptcy Court?

      9.   Did the Bankruptcy Court err in waiving the 14 day stay provided under Federal the Rules of Bankruptcy Procedure?

Dated:   New York, New York
         February 8, 2011

                        KERA & GRAUBARD
                        Attorneys for Sabatini Frozen
                         Foods, LLC

                        By: _____
                         M. David Graubard (MDG 5442)
                         240 Madison Avenue, 7th floor
                         New York, NY   10016
                         (212) 681-1600

a:acme
acmeapp.des

AFFIDAVIT OF SERVICE

State of New York   )
                    ss.:
County of New York

Rochelle Graubard, being duly affirmed, deposes and says:

I am not a party to this action or proceeding. I am over 18 years of age and reside in Flushing, New York.

On February 8, 2011, I served a true copy of the annexed Appellant's Designation of Record on Appeal and Statement of Issues upon the following, by first class mail addressed to the last known address of the addressee indicated below:

Gary Herbst, Esq.
LaMonica, Herbst & Maniscalco, LLP
Attorneys for Trustee
3305 Jerusalem Avenue
Wantagh, NY  11793

Weinberg Gross & Pergament, LLP
Attorneys for Phoenix Baking Co., Inc.
400 Garden City Plaza
Garden City, NY  11530

Rochelle Graubard

Sworn to before me on
February 8, 2011

M. David Graubard
Notary Public, State of New York
No. 02GR6629165
Qualified in Queens County
Commission Expires April 30, 2014